UNITED STATES COURT OF APPEALS
FOR THE DISTRICT OF COLUMBIA CIRCUIT

|  |  |
|---|---|
| Secretary of Labor, Mine Safety and Health Administration, | |
| Petitioner | |
| v. | |
| Western Refractory Construction, Inc., | No. |
| and | |
| Federal Mine Safety and Health Review Commission, | |
| Respondents | |

**Petition for Review of an Order of the
Federal Mine Safety and Health Review Commission**

The Secretary of Labor[1] petitions this Court for review of the Federal Mine Safety and Health Review Commission's order in Western Refractory Construction Inc., FMSHRC No. CENT 2023-0191, issued on October 17, 2024. See 30 U.S.C. 816(b); Fed. R. App. P. 15(a).

---

[1] As of this date, Julie Su is the Acting Secretary of Labor. This petition for review uses "Secretary" to refer to the position of the Secretary in general, not to Ms. Su in particular.

Respectfully submitted,

SEEMA NANDA
Solicitor of Labor

APRIL NELSON
Associate Solicitor

EMILY TOLER SCOTT
Counsel for Appellate Litigation

s/ MARCUS D. REED
Attorney
U.S. Department of Labor
Office of the Solicitor
Division of Mine Safety & Health
201 12th Street South, Suite 401
Arlington, VA 22202
(202) 693-5486
reed.marcus.d@dol.gov

Attorneys for the Secretary of Labor

# Certificate of Service

I certify that on November 13, 2024, the foregoing petition for review was served on all parties by email.

Kristin R.B. White
Fisher & Phillips LLP
1125 17th Street, Suite 2400
Denver, CO 80202
kwhite@fisherphillips.com

Jason Riley
Office of General Counsel
Federal Mine Safety and Health Review Commission
1331 Pennsylvania Ave., NW Suite 520N
Washington, D.C. 20004
jriley@fmshrc.gov

                                                                             s/ Marcus D. Reed

# FEDERAL MINE SAFETY AND HEALTH REVIEW COMMISSION

1331 PENNSYLVANIA AVENUE, NW, SUITE 520N
WASHINGTON, D.C. 20004-1710

October 17, 2024

| | | |
|---|---|---|
| SECRETARY OF LABOR, | : | |
|   MINE SAFETY AND HEALTH | : | |
|   ADMINISTRATION (MSHA) | : | |
| | : | |
|         v. | : | Docket No. CENT 2023-0191 |
| | : | A.C. No. 25-01243-575170 |
| WESTERN REFRACTORY | : | |
|   CONSTRUCTION, INC. | : | |

BEFORE: Jordan, Chair; Baker and Marvit, Commissioners

ORDER

BY THE COMMISSION:

      This matter arises under the Federal Mine Safety and Health Act of 1977, 30 U.S.C. § 801 et seq. (2018) ("Mine Act"). On October 4, 2023, the Commission received from Western Refractory Construction, Inc. ("Western") a motion seeking to reopen a penalty assessment proceeding and relieve it from the Default Order entered against it.

      On August 28, 2023, the Chief Administrative Law Judge issued an Order to Show Cause and Order of Default in response to Western's failure to answer the Secretary of Labor's June 28, 2023 Petition for Assessment of Civil Penalty. By its terms, the Order to Show Cause was deemed a Default Order on September 28, 2023, when it appeared that the operator had not filed an answer within 30 days.

      The operator states that the Secretary issued the proposed penalty assessment via the Commission's E-File system and served the assessment to the operator via email. However, Western states that its Safety Manager Lauren O'Neal, who is responsible for handling penalty contests and who generally forwards petitions to undersigned counsel, did not receive copies of the assessment nor the Judge's show cause order in her email inbox. Western states that on September 25, 2023, O'Neal was provided with a copy of the penalty assessment after she called the MSHA Conference Litigation Representative ("CLR") to inquire about the status of the case since she had not received any documentation concerning the contest of the citation. Two days later, the CLR and Safety Manager spoke again, and the CLR informed Western that the Petition had been filed in June and its answer was delinquent. Western forwarded a copy of the Petition to its counsel, who subsequently learned on October 2, 2023, that a Show Cause order had been issued and become final. On October 3, 2023, O'Neal performed a search of her email's spam

1

folder, which she does not routinely do, and discovered the petition. Western immediately moved to reopen.

The Secretary opposes the request to reopen arguing that Western Refractory has not provided sufficient reasoning to justify the extraordinary relief of reopening. O'Neal's failure to review her emails in her spam folder which resulted in Western's failure to respond to the Petitions and Order does not constitute a failure of service under Commission rule 29 C.F.R. 2700.7(c)(2) and is an indication that the operator has unreliable and inadequate internal procedures. She maintains that following its timely contest of the citation, Western knew or should have known that a penalty petition would be filed within 45 days and had a duty to inquire about it prior to default. Western has also failed to identify any corrections it has made to its process to prevent this error in the future.

The Judge's jurisdiction in this matter terminated when the default occurred. 29 C.F.R. § 2700.69(b). Under the Mine Act and the Commission's procedural rules, relief from a judge's decision may be sought by filing a petition for discretionary review within 30 days of its issuance. 30 U.S.C. § 823(d)(2)(A)(i); 29 C.F.R. § 2700.70(a). If the Commission does not direct review within 40 days of a decision's issuance, it becomes a final decision of the Commission. 30 U.S.C. § 823(d)(1). Consequently, the Judge's order here has become a final decision of the Commission.

In evaluating requests to reopen final orders, the Commission has found guidance in Rule 60(b) of the Federal Rules of Civil Procedure under which the Commission may relieve a party from a final order of the Commission on the basis of mistake, inadvertence, excusable neglect, or other reason justifying relief. *See* 29 C.F.R. § 2700.1(b) ("the Commission and its Judges shall be guided so far as practicable by the Federal Rules of Civil Procedure"); *Jim Walter Res., Inc.*, 15 FMSHRC 782, 786-89 (May 1993). We have also observed that default is a harsh remedy and that, if the defaulting party can make a showing of good cause for a failure to timely respond, the case may be reopened and appropriate proceedings on the merits will be permitted. *See Coal Prep. Servs., Inc.*, 17 FMSHRC 1529, 1530 (Sept. 1995).

There is no evidence of prior instances of Western failing to timely contest a petition as a result of its internal spam filter misrouting emails to the junk, trash or spam folder, nor does Western have a history of filing motions to reopen. Further, we recognize that in the past, we have found simple failure to return a contest form to constitute "mistake" or "inadvertence" sufficient to establish good cause for reopening pursuant to Rule 60(b)(1). *See e.g. Oak Grove Res., LLC*, 39 FMSHRC 1768, 1769 (Sept. 2017) (reopening where operator paid citations it did not intend to contest but "mistakenly" or "inadvertently" forgot to forward contest form to counsel, which was an isolated incident). Because Western may have reasonably relied on our prior caselaw regarding simple failure to return contest forms, we find it would be unjust to deny this motion. Additionally, we note the Secretary has not alleged that Western acted in bad faith. On the contrary, after determining what caused the error, Western acknowledged that the petition and orders had been received but overlooked because of its spam filter. The operator also timely contested the penalty assessment, and promptly filed its motion to reopen upon learning that it had failed to timely answer the petition.

Therefore, in the interest of justice, we hereby reopen this matter and remand it to the Chief Administrative Law Judge for further proceedings pursuant to the Mine Act and the Commission's Procedural Rules, 29 C.F.R. Part 2700. Accordingly, consistent with Rule 28, the Secretary shall file a petition for assessment of penalty within 45 days of the date of this order. *See* 29 C.F.R. § 2700.28. Nonetheless, we hold that once an operator is placed on notice, such as in the instant case, that its email system is misrouting specific communications, it is incumbent on that operator to take steps to ensure these particular communications are not missed in the future due to spam filters.

/s/ Mary Lu Jordan
Mary Lu Jordan, Chair

/s/ Timothy J. Baker
Timothy J. Baker, Commissioner

/s/ Moshe Z. Marvit
Moshe Z. Marvit, Commissioner

Distribution:

Kristin R.B. White
Fisher & Phillips LLP
1125 17th Street, Suite 2400
Denver, CO 80202
kwhite@fisherphillips.com

April Nelson, Esq.
Associate Solicitor
Office of the Solicitor
U.S. Department of Labor
Division of Mine Safety and Health
201 12th Street South, Suite 401
Arlington, VA 22202
Nelson.April@dol.gov

Emily Toler Scott, Esq.
Counsel for Appellate Litigation
Office of the Solicitor
U.S. Department of Labor
Division of Mine Safety and Health
201 12th Street South, Suite 401
Arlington, VA 22202
scott.emily.t@dol.gov

Melanie Garris
USDOL/MSHA, OAASEI/CPCO
201 12th Street South, Suite 401
Arlington, VA 22202
Garris.Melanie@DOL.GOV

Chief Administrative Law Judge Glynn F. Voisin
Office of the Chief Administrative Law Judge
Federal Mine Safety Health Review Commission
1331 Pennsylvania Avenue, NW Suite 520N
Washington, DC 20004-1710
GVoisin@fmshrc.gov